**EXHIBIT A**



MIN# **Redacted**

**Multistate**

**NOTE**

FHA Case No.
**Redacted**

---

**July 9, 2009**
[Date]

**8416 MCEWEN ROAD, CENTERVILLE, OH  45458**
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **UNION SAVINGS BANK, A CORPORATION**

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
**Seventy-Eight Thousand, Eight Hundred Fifty-Six and No/100 ---------------------------**

Dollars (U.S. $      **78,856.00**      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   **Five and One-Half** percent (      **5.5000**      %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

**(A)  Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **September 1      ,  2009      **. Any principal and interest remaining on the first day of **August   2039      **, will be due on that date, which is called the "Maturity Date."

**(B)  Place**
Payment shall be made at   **8534 E. KEMPER ROAD**
**CINCINNATI, OHIO  45249**                              or at such place as Lender may designate in writing by notice to Borrower.

**(C)  Amount**
Each monthly payment of principal and interest will be in the amount of U.S. $      **447.74**      . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D)  Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**Redacted**

FHA Multistate Fixed Rate Note · 10/95

VMP -1R (0210).01
VMP Mortgage Solutions (800)521-7291
Page 1 of 2          Initials: _____

**Redacted**

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.0000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

| | |
|---|---|
| _Todd F Wollenhaupt_ _____ (Seal) | _____ (Seal) |
| **TODD F. WOLLENHAUPT** -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |



## ALLONGE TO NOTE

BORROWER(S):        Todd  F  Wollenhaupt

PROPERTY:          8416 McEwen Rd.
                   Centerville,  OH  45458

LOAN AMOUNT:   $ 78,856.00

CLOSED:  07/09/2009

PAY TO THE ORDER OF FRANKLIN AMERICAN MORTGAGE COMPANY
WITHOUT RECOURSE THIS 9TH DAY OF JULY, 2009
UNION SAVINGS BANK

BY: _____

JUDD F. GALLUS, UNDERWRITER

Pay to the order of

Bank of America, N.A.

without recourse
FRANKLIN AMERICAN MORTGAGE COMPANY

AMY MCKEON
COLLATERAL TEAM LEAD

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _____

MICHELE SJOLANDER
SENIOR VICE PRESIDENT

KMB DEED
Recorded: 9/5/2013 8:52:37 AM
Fee Amt: $28.00 Page 1 of 2
Montgomery County, OH
Willis E. Blackshear Recorder

File# 2013-00062571

TRANSFER
08:50am    SEPTEMBER 05, 2013
KARL L. KEITH, COUNTY AUDITOR
Conv/Tran #: 14665    $.00

**EXHIBIT B**

## GENERAL WARRANTY DEED 2

**KNOW ALL MEN BY THESE PRESENTS, that Todd F. Wollenhaupt married, Grantor,** of the County of Montgomery, State of Ohio, for valuable consideration paid, grants with general warranty covenants to **Todd F. Wollenhaupt and Denise L Wollenhaupt husband and wife, for their joint lives, remainder to the survivor of them, Grantees,** whose tax mailing address is Montgomery 8416 McEwen Rd. Dayton, Ohio 45458, the following real property:

Situate in the Township of Washington, County of Montgomery, and the State of Ohio and being Lot Numbered Six (6) Fox Ridge Villas Section One (1), as recorded in Plat Book 129 Page 9 of the plat Records of said County.

Auditor's Parcel No. O67 28421 0006

Said premises are conveyed subject all taxes and assessments due and payable in December 2013 and to all restrictions, conditions declarations, covenants, legal highways and easements of record.

Prior Instrument Reference:    2006-024564 of the
Deed Records of Montgomery County, Ohio

Denise L Wollenhaupt wife of Todd F. Wollenhaupt hereby releases her right and expectance of dower.

Signed and notarized this _28_ day of _August_, 2013.

_Todd F Wollenhaupt_
Todd F. Wollenhaupt

_Denise L. Wollenhaupt_
Denise L Wollenhaupt

**STATE OF OHIO**          ) SS:
**COUNTY OF MONTGOMERY**   )

Before me, a Notary Public, in and for said County and State, personally appeared **Todd F. Wollenhaupt and Denise L Wollenhaupt** husband and wife, Grantors, who acknowledged that they did sign the foregoing instrument and that the same is their free and voluntary act and deed.

**IN TESTIMONY WHEREOF,** I have hereunto subscribed my name and affixed my Notarial seal on the 28 day of _August_, 2013.

Notary Public
My Commission expires

JAMES P. HICKEY, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03 R. O,

This Instrument Prepared By:
James P. Hickey, Esq.
PO BOX 751745 (937) 298-7584
Dayton, OH 45475

**EXHIBIT C**

$124.00 07/22/09 14:25:47
MORT-09-050741  0014
Montgomery County
Willis E. Blackshear  Recorder

Return To:

———————————— [Space Above This Line For Recording Data] ————————————

**State of Ohio**

OPEN-END MORTGAGE

# Redacted

THIS MORTGAGE ("Security Instrument") is given on   **July 9, 2009**
The Mortgagor is
**TODD F. WOLLENHAUPT, MARRIED AND DENISE LYNN WOLLENHAUPT, HIS
WIFE, SIGNING SOLELY TO RELEASE HER DOWER RIGHTS HEREIN**

whose current mailing address is   **8416 MCEWEN ROAD**
**CENTERVILLE, OH   45458**
("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee.
MERS is organized and existing under the laws of Delaware, and has an address and telephone
number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**UNION SAVINGS BANK, A CORPORATION**

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 1 of 11

("Lender") is organized and existing under the laws of **THE STATE OF OHIO**                                      ,
and has an address of  **8534 E. KEMPER ROAD**
**CINCINNATI, OHIO  45249**                        . Borrower owes Lender the principal sum of
**Seventy-Eight Thousand, Eight Hundred Fifty-Six and No/100 --------------**
                                               Dollars (U.S. $    **78,856.00**   ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"),
which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
**August 1, 2039**             . This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment
of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument;
and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and
Lender's successors and assigns) and to the successors and assigns of MERS, the following described property
located in                                                        **MONTGOMERY**   County, Ohio:
**SEE ATTACHED EXHIBIT "A"**

Parcel ID Number:  **067-284-21-6**                                     which has the address of
**8416 MCEWEN ROAD**                                                                [Street]
**CENTERVILLE**                                 [City], Ohio  **45458**        [Zip Code]
("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the
"Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by
Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for
Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but
not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including,
but not limited to, releasing or canceling this Security Instrument.

Redacted

FHA Open-End Mortgage with MERS-OH                          Form 4/96 Amended 1/02
VMP ®                                                      VMP4N(OH) (0902).00
Wolters Kluwer Financial Services                                    Page 2 of 11

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1.    **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.    **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 3 of 11

**3.** **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4.** **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5.** **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 4 of 11

the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

   **6.  Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   **7.  Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

   If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

   Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

   Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

   **8.  Fees.** Lender may collect fees and charges authorized by the Secretary.

---

Redacted

FHA Open-End Mortgage with MERS-OH                                            Form 4/96 Amended 1/02
VMP ®                                                                         VMP4N(OH) (0902).00
Wolters Kluwer Financial Services                                                         Page 5 of 11

**9.    Grounds for Acceleration of Debt.**

**(a)    Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)    Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)    Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)    The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)    No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)    Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)    Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.    Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 6 of 11

after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 7 of 11

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17.  Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18.  Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell**

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 8 of 11

the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Advances to Protect Security.** This Security Instrument shall secure the unpaid balance of advances made by Lender, with respect to the Property, for the payment of taxes, assessments, insurance premiums and costs incurred for the protection of the Property.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

- [ ] Condominium Rider
- [X] Planned Unit Development Rider
- [ ] Growing Equity Rider
- [ ] Graduated Payment Rider
- [ ] Other [specify]

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 9 of 11

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                         TODD F. WOLLENHAUPT    -Borrower

_____        _____ (Seal)
                                                                -Borrower

_____ (Seal)  _____ (Seal)
DENISE LYNN WOLLENHAUPT    -Borrower                            -Borrower

_____ (Seal)        _____ (Seal)
                    -Borrower                                  -Borrower

_____ (Seal)        _____ (Seal)
                    -Borrower                                  -Borrower

Redacted

FHA Open-End Mortgage with MERS-OH
VMP ®
Wolters Kluwer Financial Services

Form 4/96 Amended 1/02
VMP4N(OH) (0902).00
Page 10 of 11

STATE OF OHIO, **MONTGOMERY**                                    County ss:

   This instrument was acknowledged before me this **9th**   day of **July, 2009** , by
**TODD F. WOLLENHAUPT**

**and DENISE LYNN WOLLENHAUPT**

_____

Notary Public

This instrument was prepared by:
**UNION SAVINGS BANK, A CORPORATION**

My Commission Expires:



**ELIZABETH K. OXLEY, Notary Public**
**In and for the State of Ohio**
**My Commission Expires March 10, 2014**

Redacted

FHA Open-End Mortgage with MERS-OH          Form 4/96 Amended 1/02
VMP ®                                       VMP4N(OH) (0902).00
Wolters Kluwer Financial Services                    Page 11 of 11

## EXHIBIT "A"

Situate in the Township of Washington, County of Montgomery, State of Ohio, being Lot Numbered SIX (6) of Fox Ridge Villas, Section One (1) as recorded in Plat Book "126", Page 9 of the Plat Records of Montgomery County, Ohio.

Auditor Parcel No:  O67-284-21-6

More Commonly known as:  8416 McEwen Road
                         Centerville, OH  45458

# PLANNED UNIT DEVELOPMENT RIDER

**Redacted**

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **9th** day of **July, 2009** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to **UNION SAVINGS BANK, A CORPORATION**

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

**8416 MCEWEN ROAD, CENTERVILLE, OH  45458**
[Property Address]

The Property Address is a part of a planned unit development ("PUD") known as **FOX RIDGE VILLAS**

[Name of Planned Unit Development]

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.  So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned

**Redacted**

**FHA Multistate PUD Rider - 10/95**
**-589U** (0402)
Page 1 of 2       Initials: _TW_
VMP Mortgage Solutions, Inc.
(800)521-7291

**Redacted**

and shall be paid to Lender for application to the sums secured by this
Security Instrument, with any excess paid to the entity legally entitled thereto.
B.   Borrower promises to pay all dues and assessments imposed pursuant to the
legal instruments creating and governing the PUD.
C.   If Borrower does not pay PUD dues and assessments when due, then Lender
may pay them. Any amounts disbursed by Lender under this paragraph C
shall become additional debt of Borrower secured by the Security Instrument.
Unless Borrower and Lender agree to other terms of payment, these amounts
shall bear interest from the date of disbursement at the Note rate and shall be
payable, with interest, upon notice from Lender to Borrower requesting
payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions
contained in this PUD Rider.

_____ (Seal)                    _____ (Seal)
TODD  F.  WOLLENHAUPT            -Borrower                                        -Borrower

_____ (Seal)                    _____ (Seal)
DENISE  LYNN  WOLLENHAUPT     -Borrower                                        -Borrower

_____ (Seal)                    _____ (Seal)
                                       -Borrower                                        -Borrower

_____ (Seal)                    _____ (Seal)
                                       -Borrower                                        -Borrower

Redacted

VMP-589U (0402)                     Page 2 of 2

Type: MTG
Kind: ASSIGNMENT OF MORTGAGE
Recorded: 12/19/2017 10:57:06 AM
Fee Amt: $28.00 Page 1 of 2
Montgomery County, OH
Willis E. Blackshear County Recorder
File# 2017-00075212

**EXHIBIT D**

Recording Requested By: NATIONSTAR MORTGAGE DBA MR. COOPER
When Recorded Return To: DOCUMENT ADMINISTRATION, NATIONSTAR MORTGAGE DBA MR.
COOPER 8950 CYPRESS WATERS BLVD, COPPELL, TX  75019

Redacted

**CORPORATE ASSIGNMENT OF MORTGAGE**  $2$

Montgomery, Ohio
**SELLER'S SERVICING #** Redacted WOLLENHAUPT"

**MIN #** Redacted IS #: 1-888-679-6377

Date of Assignment: December 1st, 2017
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR UNION
SAVINGS BANK, A CORPORATION, ITS SUCCESSORS AND ASSIGNS at  P.O. BOX 2026, FLINT,
MI  48501-2026
Assignee: NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER at 8950 CYPRESS WATERS
BLVD., COPPELL, TX  75019

Executed By: TODD F. WOLLENHAUPT, MARRIED AND DENISE LYNN WOLLENHAUPT, HIS
WIFE, SIGNING SOLELY TO RELEASE HER DOWER RIGHTS HEREIN  To: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR  UNION SAVINGS BANK, A
CORPORATION
Date of Mortgage: 07/09/2009 Recorded:  07/22/2009 as Instrument No.: 2009-00050741 In the
County of Montgomery, State of Ohio.

Property Address: 8416 MCEWEN ROAD, CENTERVILLE, OH  45458

Legal:  SITUATE IN THE TOWNSHIP OF WASHINGTON, COUNTY OF MONTGOMERY, STATE OF
OHIO, BEING LOT NUMBERED SIX (6) OF FOX RIDGE VILLAS, SECTION ONE (1) AS
RECORDED IN PLAT BOOK "126", PAGE 9 OF THE PLAT RECORDS OF MONTGOMERY
COUNTY, OHIO.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage having an original principal sum of $78,856.00 with interest, secured
thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained,
and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under
the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage.

IN WITNESS WHEREOF, the undersigned, by the officer duly authorized, has duly executed the
foregoing instrument.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR UNION
SAVINGS BANK, A CORPORATION, ITS SUCCESSORS AND ASSIGNS
On December 1st, 2017

By:_____
MOHAMED HAMEED, Vice-President

RedactedRedactedRedacted

me: P.O. BOX 165028
COI, OH 43272

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Texas
COUNTY OF Dallas

On December 1st, 2017, before me, VALENCIA METCALF, a Notary Public in and for Dallas in the
State of Texas, personally appeared MOHAMED HAMEED, Vice-President, personally known to me to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their
signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

VALENCIA METCALF
Notary Expires: 02/28/2019



VALENCIA METCALF
Notary Public, State of Texas
Comm. Expires 02-28-2019
Notary ID 128535414

(This area for notarial seal)

**Prepared By: Bernardo Hernandez, NATIONSTAR MORTGAGE DBA MR. COOPER 8950
CYPRESS WATERS BLVD, COPPELL, TX 75019 1-888-480-2432**

RedactedRedactedRedacted

# EXHIBIT E



| CONTACT US | HELP

County Auditors Page --- Mobile Site

Home   Property Search   Value Dispute   GIS Mapping   File Downloads

Address   Owner Name   Parcel   Land Use Codes   Advanced Search

PARID: O67 28421 0006
PARCEL LOCATION: 8416 MCEWEN RD

NBHD CODE: 98094000

Tax Year: 2018

CURRENT RECORD
1 of 1
Return to Search Results

Summary
Property Description
Tax Summary
Payments List
Levy Distribution
New Levies
Special Assessments
Permits
▶ Value History
Rental Registration
Sketch
Sales
Photo
Tax Detail
Pay Taxes

| Tax Year | Total Value |
|---|---|
| 2000 | 70,740 |
| 2001 | 70,740 |
| 2002 | 74,090 |
| 2003 | 74,090 |
| 2004 | 74,090 |
| 2005 | 81,500 |
| 2006 | 81,500 |
| 2007 | 81,500 |
| 2008 | 93,220 |
| 2009 | 93,220 |
| 2010 | 93,220 |
| 2011 | 81,040 |
| 2012 | 81,040 |
| 2013 | 81,040 |
| 2014 | 72,060 |
| 2015 | 72,060 |
| 2016 | 72,060 |
| 2017 | 73,820 |
| 2018 | 73,820 |
| 2019 | 73,820   *** TENTATIVE VALUES CURRENTLY UPDATING *** |

Maps

Printable Summary

Printable Version



Data Copyright Montgomery County [Disclaimer]  [Privacy Policy]

Site Design Copyright 1999-2013 Tyler Technologies. All rights reserved.

**Fill in this information to identify your case:**

Debtor 1 ___Todd F. Wollenhaupt_____
        First Name        Middle Name        Last Name

Debtor 2 _____
(Spouse if, filing)  First Name        Middle Name        Last Name

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF OHIO

Case number _____
(if known)

**EXHIBIT F**

☐ Check if this is an
   amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property
                                                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**

  ☐ **No.** Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

  ☑ **Yes.** Fill in all of the information below.

**Part 1:**  List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| | | | | |

| 2.1 | Ally Financial | $31,380.00 | $30,122.00 | $1,258.00 |

Creditor's Name

**Describe the property that secures the claim:**

2018 Ford F250 Super Duty 12,000 miles
VIN: 1FTBF2B64JEB34938

200 Renaissance Ctr
Detroit, MI 48243
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☑ Other (including a right to offset)   Auto Loan

Date debt was incurred   Opened 04/18 Last Active 2/13/19

Last 4 digits of account number   6090

Debtor 1   Todd F. Wollenhaupt

First Name   Middle Name   Last Name

Case number (if known) _____

| 2.2 | Fox Ridge  Villas Homeowners' Associatio | | $2,240.00 | $73,820.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

8416 MCEWEN RD Dayton, OH 45458
Montgomery County
Parcel Number: O67 28421 0006

c/o RCF Properties
5797 Far Hills Ave #100
Dayton, OH 45429

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Homeowners Association Lien

Date debt was incurred _____

Last 4 digits of account number   2159

| 2.3 | Nationstar/mr Cooper | | $67,156.00 | $73,820.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

8416 MCEWEN RD Dayton, OH 45458
Montgomery County
Parcel Number: O67 28421 0006

350 Highland
Houston, TX 77067

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Mortgage

Date debt was incurred   Opened 07/09 Last Active 6/30/18

Last 4 digits of account number   8658

Add the dollar value of your entries in Column A on this page. Write that number here:   $100,776.00

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:   $100,776.00

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Todd F Wollenhaupt** | : | **Case No.: 19-30972** |
| | : | **Chapter 7** |
| **Debtor(s).** | : | **Judge Beth A. Buchanan** |
| | : | * * * * * * * * * * * * * * * * * * * * * |
| | : | |
| | : | |
| | : | |

### Exhibit G

_____

### RELIEF FROM STAY/ADEQUATE PROTECTION
### EXHIBIT AND WORKSHEET - REAL ESTATE
### (For use as required by LBR 4001-1(a)(1))

_____

Real property address which is the subject of this motion: 8416 McEwen Road, Centerville, OH 45458

**DEBT/VALUE REPRESENTATIONS:**

| | | |
|---|---|---|
| Total indebtedness of the debtor(s) at the time of filing the motion for relief from stay (not to be relied upon as payoff quotation): | $ | 76,890.04 |
| Movant's estimated market value of the real property: | $ | 73,820.00 |

Source of the estimated valuation:   the 2018 Montgomery County Auditor's tax record

**STATEMENT OF ARREARAGE:**

| | | | |
|---|---|---|---|
| (1) As of petition filing date: | | $ | 0.00 |
| Amounts paid after the date of filing to be applied to the prepetition default: | | $ | 0.00 |
| (2) Postpetition: | | $ | 11,970.93 |
| (3) Monthly payment amount: | Eighteen (18) payments at: | $ | 626.80 |
| | One (1) payment at: | $ | 688.53 |
| (4) Date of Last Payment: | | | |
| (5) Amount of Last Payment | | $ | |
| # of payments due postpetition | 19 | (through payment due April 1, 2019) | |
| # of payments received postpetition | 0 | | |
| # of payments in default postpetition | 19 | | |
| Total amount of postpetition payments currently in default | | $ | 11,970.93 |

19-012835_BEW1

| | | |
|---|---|---|
| + Postpetition late charges | | $ 0.00 |
| + Other postpetition charges (describe) | | $ 0.00 |
|     Foreclosure title work | _____ | |
|     Filing fee | _____ | |
|     Skip trace | _____ | |
|     Document acquisition costs | _____ | |
|     Service Process server | _____ | |
|     Escrow Shortage (Amounts advanced on behalf of Debtor(s) | _____ | |
|       Hazard Insurance | _____ Dates:_____ | |
|       Taxes | _____ Dates:_____ | |
|     Appraisal | _____ | |
|     BPO charges | _____ | |
|     Property Inspection | _____ | |
|     Other (specify) | _____ | |
| - Suspense balance | | $ 502.98 |
| = Total Postpetition Arrearage | | $ 11,467.95 |

**OTHER LOAN INFORMATION:**

Date of the loan      7/9/09

Current interest rate      5.5%

Money paid to and held by the mortgagee but not applied to the loan $0.00; if held in the form of checks, balance of such checks $0.00, and identity of holder of the checks.

**REQUIRED ATTACHMENTS TO MOTION:**

(a)      Postpetition payments have not been made and therefore, a postpetition payment history is not attached;

(b)      In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached. The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official. If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:

/s/ Adam B. Hall

Adam B. Hall (0088234)
Edward H. Cahill (0088985)
John R. Cummins (0036811)

19-012835_BEW1

Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Adam B.
Hall.
Contact email is abh@manleydeas.com

19-012835_BEW1